**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **WILLIE COOPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. 11-1006** |
| **THE HOME DEPOT, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Willie Cooper, proceeding *pro se*, brings this action against defendants The

Home Depot, Home Depot U.S.A., Inc., Richard Gaskill, John Hutzenhbuhler, and Daniel Moore

alleging numerous claims stemming from his termination from his former employer, Home

Depot U.S.A., Inc. ("Home Depot"). On January 7, 2011, defendants removed the case from

Sedgwick County District Court (Doc. 1) and simultaneously moved to dismiss plaintiff's

Petition pursuant to Fed. R. Civ. P. 12(b)(1), (b)(5) and (b)(6) (Doc. 4). Plaintiff sought and was

granted a two-week extension of time to file a response to defendants' motion (Doc. 9). Plaintiff

then responded by filing a First Amended Complaint (Doc. 12), adding William Polzin as a

defendant, and a purported Response to defendants' motion to dismiss (Doc. 13) that was

identical to the First Amended Complaint. Defendants moved to strike both the First Amended

Complaint and Response (Doc. 14) on the grounds that plaintiff's First Amended Complaint was

filed without leave, untimely and futile. Polzin moved to dismiss on similar grounds (Doc. 20).

Plaintiff subsequently filed a Motion and Amended Motion for Leave to Amend (Docs. 25, 28),

which Magistrate Judge Rushfelt denied without prejudice (Doc. 35), because plaintiff failed to

attach the proposed amended complaint.  In response, plaintiff filed a Motion to Stay the case pending a ruling on whether his First Amended Complaint was filed correctly and on time (Doc. 36).

Effective December 1, 2009, Rule 15(a) of the Federal Rules of Civil Procedure was amended to permit a plaintiff to amend a pleading as a matter of course within twenty-one days of service of a responsive pleading or motion under Rule 12(b).[1]  After twenty-one days, the plaintiff must obtain leave to amend.[2]  Rule 15(a) as amended does not require an amended complaint to be filed within twenty-one days; instead, it allows an amended complaint to be filed without leave within twenty-one days of a responsive pleading or a Rule 12(b)(6) motion.  If a party seeks to amend after twenty-one days, it may not do so as a mater of course, but only with consent of the opposing party or the court's leave.[3]  The twenty-one day requirement coincides with the response deadline for dispositive motions,[4] and is intended to force the pleader to consider the wisdom of amending to meet the arguments of the motion to dismiss and possibly "expedite determination of issues that otherwise might be raised seratim."[5] Although plaintiff's Amended Complaint was filed outside the twenty-one day period, it was filed within the additional response time granted by the Court.  Accordingly, under these circumstances and in light of plaintiff's *pro se* status, the Court finds that plaintiff was not required to seek leave to file his First Amended Complaint and it was timely filed pursuant to Rule 15(a)(1)(B).  Thus,

---

[1]Fed. R. Civ. P. 15(a)(1)(B).

[2]Fed. R. Civ. P. 15(a)(2).

[3]*Id.*

[4]D. Kan. R. 6.1(d)(2) (requiring responses to dispositive motions to be filed within twenty-one days).

[5]Fed. R. Civ. P. 15(a)(1), cmt. (2009).

defendants' motions to dismiss plaintiff's original Petition are denied without prejudice to refile with respect to plaintiff's First Amended Complaint.

**IT IS THEREFORE ORDERED** that defendants' Motions to Dismiss (Docs. 4, 20) are **denied without prejudice**; defendants' Motion to Strike (Doc. 14) is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Stay (Doc. 36) is **denied as moot.**

**IT IS SO ORDERED.**

Dated: <u>April 7, 2011</u>

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE