lml

| | |
|---|---|
| **WILLIE COOPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. 11-1006** |
| **THE HOME DEPOT, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Willie Cooper, proceeding *pro se*, brings this action against defendants The

Home Depot, Home Depot U.S.A., Inc., Richard Gaskill, John Hutzenhbuhler, Daniel Moore and

William Polzin, alleging numerous claims stemming from his termination from his former

employer, Home Depot U.S.A., Inc. ("Home Depot").  This matter is before the Court on the

following motions: defendants' Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P.

12(b)(1), (b)(5) and (b)(6) (Doc. 42); defendants' Motion to Strike Response (Doc. 48);

plaintiff's Motion for Summary Judgment (Doc. 51); plaintiff's Motion to Stay Case (Doc. 53);

and plaintiff's Motion for Sanctions (Doc. 56).  For the reasons set forth in detail below, the

Court grants defendants' Renewed Motion to Dismiss and denies plaintiff's motions.

## I.     Procedural Background

Plaintiff filed a thirteen-count Petition in Sedgwick County, Kansas District Court

asserting various causes of action against Home Depot U.S.A., Inc. ("Home Depot") and The

Home Depot, as well as individual defendants Richard Gaskill, John Hutzenbuhler and Daniel

Moore (collectively referred to as "defendants").  Defendants timely removed the case and

simultaneously moved to dismiss plaintiff's Petition. In response, plaintiff filed a First Amended Complaint, abandoning certain claims and adding others, and adding William Polzin as a defendant. Defendants moved to strike plaintiff's First Amended Complaint on both substantive and procedural grounds. On April 7, the Court entered an Order permitting plaintiff's First Amended Complaint and denying defendants' Motion to Dismiss without prejudice to refile.[1] This motion followed.

## II.    First Amended Complaint

When construing plaintiff's *pro se* First Amended Complaint, the Court bears in mind that *pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[2] Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[3] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[4] For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[5] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[6]

---

[1] Doc. 37.

[2] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] *Id.*

[4] *Id.*

[5] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[6] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[7]

This lawsuit arises out of plaintiff's December 17, 2007 termination of employment from defendant Home Depot. Plaintiff's twenty-two page First Amended Complaint sets forth twelve counts against various defendants, specifically slander/libel/defamation; breach of implied contract; violation of public policy; misrepresentation; third party/tort interference; conspiracy to commit fraud; racial discrimination; wrongful termination; actions for neglect to prevent; failure to protect; conspiracy against rights; and violation of the Antitrust Act. The Court does not recite all of the detailed facts alleged by plaintiff, but points to the relevant facts below for the purpose of deciding the instant motions.

Plaintiff was hired to work as a Freight Associate at Home Depot Store number 2204 located in Wichita, Kansas. During his tenure at Home Depot, plaintiff made several complaints against James Taber and Daniel Moore, and supervisor Brendan Dawson. After plaintiff threatened to file a harassment and racial discrimination claim against Dawson, Moore became his supervisor. Plaintiff asserts that Moore repeatedly went to William Polzin, the head manager at Home Depot, to ask that plaintiff be terminated.

On December 7, 2007, plaintiff and Taber engaged in a verbal altercation. On December 12, 2007, Polzin met with plaintiff and Taber and instructed them to keep their conversations professional. On December 14, 2007, plaintiff's attempt to apologize to Taber resulted in another verbal altercation. As a result, plaintiff was terminated on December 17, 2007. Plaintiff states that he was informed at that time that he was terminated because he and Taber engaged in

---

[7]*Hall*, 935 F.2d at 1110 (citation omitted).

3

a second verbal confrontation; when Polzin was made aware that plaintiff did not engage in an altercation with Taber, Polzin informed him he was being terminated for apologizing.  Home Depot did not conduct an investigation nor did Polzin question plaintiff about the incident. When plaintiff contacted Gaskill about the situation, Gaskill responded that "if you hadn't apologized, you wouldn't be in this situation wouldn't [sic] you."  April Galvin, Home Depot's Human Resources officer, informed Polzin, Gaskill and Hutzenbuhler that she did not agree with the termination.  Galvin informed plaintiff that Home Depot never terminated anyone for just cause during her tenure and that Home Depot always followed their employee handbook when terminating an employee.  Plaintiff asserts that he was not made aware of the actual reason for his termination until March 2010, when he received a copy of the discipline notice that stated he engaged in a second verbal altercation with Taber.

## III.   Discussion

### A.    Motion to Strike

Plaintiff did not timely file a response to defendant's Motion to Dismiss and the time to do so has expired.  Under D. Kan. Rule 6.1(d)(2),

> Unless the court orders otherwise, the following time periods apply to the filing of responses and replies.  **These time periods include the additional 3-day period allowed under Fed. R. Civ. P. 6(d) and therefore, apply regardless of the method of service**. . . Responses to motions to dismiss or for summary judgment must be filed and served within 21 days. (emphasis added)

Further, under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will

consider and decide the motion as an uncontested motion.
Ordinarily, the court will grant the motion without further notice.

Thus, based on the April 20, 2011 filing date of defendants' Motion to Dismiss, plaintiff's response was due on or before May 11, 2011. While plaintiff did move for additional time on May 6, 2011, the Court denied his request for failure to comply with rule 6.1(a), without prejudice to refile.[8] In that Order, the Court explained that D. Kan. Rule 6.1(a) requires that the motion contain "a statement of whether there has been prior consultation with other parties an the views of other parties regarding his request for extension of time, the date when his response was first due, and whether prior extensions have been granted."[9] Plaintiff did not seek defendants' concurrence for an extension of time or file a renewed motion seeking an extension. Instead, plaintiff simply filed a response on May 16, 2011, five days after the deadline imposed by D. Kan. Rule 6.1(d). If a response is not filed within that time, pursuant to D. Kan. Rule 15.1, the party must first seek leave of the Court prior to filing and must attach a copy of the proposed response. Plaintiff failed to request leave of the Court to file his response out of time and accordingly, it is stricken from the record.

As a result of plaintiff's failure to timely respond, the Court could grant defendants' motion to dismiss without further consideration. Moreover, plaintiff's untimely response offers no claim of excusable neglect, but instead mistakenly states that Rule 6.1(d) affords him an additional three days to respond. As the Court has explained, however, a *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of

---

[8]Doc. 46.

[9]*Id.*

noncompliance.[10]  That said, the Court will nevertheless briefly address the merits of the motion.

**B.     Motion to Dismiss**

Defendants argue that plaintiff's First Amended Complaint fails to state any claim upon which relief can be granted, that seven of plaintiff's claims are barred by the applicable statute of limitation, that he has not exhausted his administrative remedies with respect to his race discrimination claim, and that he has failed to sufficiently serve process on defendants.

### *Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction and exercise jurisdiction only when authorized to do so.[11]  Federal jurisdiction can be challenged at any time and plaintiff bears the burden of showing that the court has subject matter jurisdiction.[12]  A facial attack, such as this, relies on the allegations in the complaint.[13]  "[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[14]  Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[15]

Plaintiff claims in Count 7 of his Complaint that Polzin stated he approved plaintiff's transfer to a different supervisor to prevent plaintiff from filing a racial discrimination lawsuit

---

[10]*Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[11]*Burdett v. Harrah's Kan. Casino Corp.*, 260 F. Supp. 2d 1109, 1112 (D. Kan. 2003).

[12]*Id.*

[13]*Holt v. United States*, 46 F. 3d 1000, 1002-03 (10th Cir. 1995).

[14]*Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[15]Fed. R. Civ. P. 12(h)(3).

against Dawson and Home Depot.  Plaintiff states his claim is brought pursuant to the Civil

Rights Act of 1964 and 1991 or, in the alternative, K.S.A. § 61-4103.  Thus, the Court will

analyze plaintiff's employment discrimination claim under Title VII and the Kansas Act Against

Discrimination ("KAAD").  Defendants move to dismiss for lack of subject matter jurisdiction

under Fed. R. Civ. P. 12(b)(1).  Exhaustion of administrative remedies is a "jurisdictional

prerequisite" to suit under Title VII and the KAAD.[16]  Plaintiff has not filed any administrative

action with respect to his race claim under either federal or state law, and accordingly, his claim

is dismissed for lack of jurisdiction.

### Rule 12(b)(6)

To survive a motion to dismiss, a complaint must present factual allegations, assumed to

be true, that "raise a right to relief above the speculative level" and must contain "enough facts to

state a claim to relief that is plausible on its face."[17]  Under this standard, "the mere metaphysical

possibility that some plaintiff could prove some set of facts in support of the pleaded claims is

insufficient; the complaint must give the court reason to believe that this plaintiff has a

reasonable likelihood of mustering factual support for these claims."[18]  The allegations must be

enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for

relief.[19]  As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions'

---

[16]*See Jones v. Runyan*, 91 F.3d 1398, 1399 (10th Cir. 1996) (Title VII); *Sandlin v. Roche Labs. Inc.*, 991 P.2d 883, 885 (Kan. 1999) (KAAD).

[17]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[18]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[19]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008).  "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

or a 'formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20] Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [21]

Because plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[22]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[23]  The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[24]

If the court on a Rule 12(b)(6) motion looks to matters outside the complaint, the court generally must convert the motion to a Rule 56 motion for summary judgment.[25]  It is

> accepted practice that, 'if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claims, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.' If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied.[26]

---

[20]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[21]*Id.*

[22]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[23]*Id.*

[24]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[25]*Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

[26]*Id.* (quoting *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997)).

In this case, plaintiff attaches to his response an affidavit from Polzin, which the Court does not consider. The parties also attach other documents to their submissions, which the Court addresses in the context of the relevant claims, and proceeds to address in turn plaintiff's claims subject to dismissal under Rule 12(b)(6).

### 1.     Defamation

Plaintiff's claim is governed by K.S.A. 60-514(a), which imposes a one-year statute of limitation period for a defamation claim. The elements of defamation under Kansas law are: (1) false and defamatory words; (2) communication to a third party; and (3) resulting harm to the reputation of the person defamed.[27] The statute of limitations begins when the alleged defamatory statement is published.[28]

In an apparent attempt to apply a discovery rule theory to his claim, plaintiff argues in his response that Polzin told him he was being terminated for apologizing, and that he did not learn the actual reason for his termination was the second verbal altercation with Taber until March 2010 when he received a copy of his termination/discipline notice. Plaintiff's attempt to apply the discovery rule to his defamation claim is misplaced. The Kansas legislature has codified a discovery rule applicable to multiple types of cases. Under K.S.A. § 60-513(b), a cause of action does not accrue "until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." The applicable statute of limitations in this case, however, is § 60-514(a),

---

[27]*El-Ghori v. Grimes*, 23 F. Supp. 2d 1259, 1269 (D. Kan. 1998).

[28]K.S.A. § 60-514(a).

which does not contain a discovery rule, and there is no authority that a cause of action governed

by that statute does not accrue until discovered.  Instead, the one-year statute of limitations

begins to run upon "publication" to a third party, not discovery.[29]  Plaintiff alleges that Polzin

defamed him when he stated in the discipline notice that plaintiff was terminated for engaging in

a second verbal altercation with Taber.   Because plaintiff's Complaint clearly asserts that the

discipline notice resulted in his termination, it would have necessarily been published in

December 2007, and his claim is untimely and Count 1 is dismissed.

### 2.    Breach of Implied Contract

Plaintiff bases his breach of implied contract claim on two grounds: 1) Polzin's promise

that he would not be terminated if he kept everything professional with Taber; and 2) Home

Depot's failure to follow its disciplinary policy, which states that disciplinary action resulting in

termination must go through an approval process.  Because he did not violate any of Home

Depot's disciplinary policies, plaintiff alleges Home Depot breached its implied contract.

Kansas subscribes to the employment-at-will doctrine.  Absent an express or implied

contract of fixed duration, or where recognized public policy concerns are raised, employment is

terminable at the will of either party.[30]  Here, plaintiff relies on the Notice of Discipline and the

Home Depot Associate Guide employee handbook to support his claim that an implied contract

existed that precluded his termination except for cause.  Defendants refer to the same documents

---

[29]*Id.*; *see McLoughlin v. Golf Course Superintendent Ass'n of Am.*, No. 85-4499, 1990 WL 129204, at *7
(D. Kan. Aug. 16, 1990) (citing *Rinsley v. Brandt*, 446 F. Supp. 850, 852-53 (D. Kan. 1977)); *see also Stephens v.
Van Arsdale*, 608 P.2d 972, 986 (Kan. 1980) (holding a cause of action for libel or slander accrues upon publication
of the defamatory statement).

[30]*Frye v. IBP, Inc.*, 15 F. Supp. 2d 1032, 1046 (D. Kan. 1998); *see also Tal v. Hogan*, 453 F.3d 1244, 1265
n.24 (10th Cir. 2006).

in support of their motion to dismiss. Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff' claim and the parties do not dispute the documents' authenticity.'"[31]

Kansas courts have recognized that an employer can create an "implied-in-fact" contract based on representations made in an employment manual or other sources.[32] "The relevant inquiry in determining whether an implied contract exists is whether the parties intended to enter into an agreement restricting the employer's ability to terminate its employees at will."[33] Although Home Depot's Associate Guide contains numerous at-will disclaimers, plaintiff argues an implied contract was formed because Home Depot had policies and made statements that were inconsistent with employment-at-will. Plaintiff relies on the fact that Home Depot emphasized a policy of progressive discipline and that discipline that resulted in termination required approval under Home Depot's standard operating procedures. This court has explained, however, that

> [a] company's adoption or use of a progressive discipline policy, in
> and of itself, is not necessarily inconsistent with reserving a right
> to terminate employment at will. Only where the employer makes
> some representation or takes some action inconsistent with
> employment at will—such as by promising employees that they
> cannot be terminated except pursuant to the progressive discipline
> policy—can it be said that such a policy contradicts a statement
> that the employment is at will.[34]

---

[31]*Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[32]*Taylor v. Home Depot USA, Inc.*, 506 F. Supp. 2d 504, 517 (D. Kan. 2007) (citing *Morris v. Coleman Co.*, 738 P.2d 841, 848-49 (Kan. 1987)); *Kastner v. Blue Cross & Blue Shield of Ks., Inc.*, 894 P.2d 909, 916 (1995).

[33]*Id.* (citing *Emerson v. Boeing Co.*, No. 94-3125, 1995 WL 265932, *1 (10th Cir. May 8, 1995)).

[34]*Id.* at 518.

In this case, plaintiff has failed to assert that Home Depot represented to him that he could not be terminated except for "just cause" or that it did not have the right to terminate his employment for any reason. The Associate Guide specifically provided a section on employment-at-will, which stated that "[a]ll employment with The Home Depot is on an at will basis. Employment at Will means you have the right to terminate your employment with The Home Depot at anytime without cause or reason. The Home Depot holds those rights as well." This unambiguous statement is not incompatible with the accompanying description of a disciplinary process under which an employee could be subjected to progressive discipline or immediately terminated for a serious offense. Thus, Polzin's statement to plaintiff that if he "kept it professional" with Taber he would not be terminated does not state a plausible claim that an implied contract not to terminate plaintiff without cause existed.[35] Plaintiff must allege more than his own unilateral expectation of continued employment; he must show the parties had a mutual intent to create a legitimate expectation of continued employment.[36] Thus, plaintiff has failed to state a plausible claim that Home Depot intended to enter into an agreement restricting its ability to terminate its employees at will.

Likewise, plaintiff's breach of implied contract claim must be dismissed against the individual defendants. Plaintiff does not claim that he had a separate contract of employment with any of the individual defendants. Nor can the individual defendants be liable to plaintiff for

---

[35]*Id.* (citing *Ney v. City of Hoisington, Kan.*, 508 F. Supp. 2d 877, 894, 2007 WL 608263, *11 (D. Kan. Feb. 22, 2007)).

[36]*Id.* (citing *Conyers v. Safelite Glass Corp.*, 825 F. Supp. 974, 977 (D. Kan. 1993)).

breach of a purported employment agreement between plaintiff and Home Depot.[37]  Plaintiff fails to allege that the individual defendants acted in any capacity other than on behalf of Home Depot.  Accordingly, Count 2 is dismissed.

### 3.    Public Policy

Plaintiff alleges that he was terminated in violation of Kansas Public Policy.  Plaintiff asserts that Home Depot violated Kansas law by terminating him for defamatory and discriminatory reasons.  As previously explained, "Kansas employment law is grounded on the doctrine of employment-at-will.  In the absence of an express or implied contract of duration or where recognized public policy concerns are raised, employment is terminable at the will of either party."[38]  Kansas courts have departed from the at-will doctrine and recognized a common-law tort for wrongful discharge in violation of public policy in two types of cases: those in which a terminated employee has acted as a whistleblower, and those in which the employee has filed a workers compensation claim.[39]

In this case, plaintiff does not allege either a claim for whistle-blowing or for filing a workers compensation claim.  Even if he had, however, such a claim is untimely as Kansas courts apply a two-year statute of limitations period to claims of wrongful termination.[40]

---

[37]*See May v. Santa Fe Trail Transp. Co.*, 370 P.2d 390, 395 (Kan. 1962) (holding acts of the individual defendants must be regarded as acts of the corporation).

[38]*Hysten v. Burlington N. Santa Fe Ry. Co.*, 108 P.3d 437, 440 (Kan. 2004) (quoting *Riddle v. Wal-Mart Stores, Inc.*, 998 P.2d 114, 115 (Kan. Ct. App. 2000)).

[39]*Id.* (citations omitted).

[40]*See* K.S.A. § 60-513(a)(4); *Whye v.City Council for the City of Topeka*, 85 P.3d 228, 2004 WL 422045, at *3 (Table) (Kan. Ct. App. Mar. 5, 2004) (explaining accrual of a cause of action for wrongful discharge occurs when plaintiff knows or is certain about the termination) (citing *Johnson v. Farmers Alliance Mut. Ins. Co.*, 545 P.2d 312 (Kan. 1976)).

Because plaintiff was terminated as of December 17, 2007, any cause of action he had for wrongful termination in violation of public policy is time barred.  Count 3 is dismissed.

### 4.	Misrepresentation

Plaintiff alleges a claim for misrepresentation based on Polzin's statement "that if plaintiff kept it professional with James Taber he promise [sic] plaintiff would not be terminated."  In Kansas, the elements of misrepresentation are (1) an untrue statement of fact, (2) known to be untrue by the party making it, (3) made with the intent to deceive or recklessly made with disregard to the truth, where (4) another party justifiably relies on the statement, and (5) acts to his or her injury or damage.[41]  Plaintiff does not allege that he relied on a false statement made by a defendant to his detriment, which are required elements for a claim of misrepresentation under Kansas law.

Moreover, plaintiff's claim is subject to a two-year statute of limitations.[42]  Plaintiff's Complaint states that he was aware of the purported misrepresentation and fraud on the day he was terminated.  Accordingly, the claim for misrepresentation is time-barred, and Count 4 is dismissed.

### 5.	Tortious Interference

Plaintiff claims that the individual defendants tortiously interfered with his  employment relationship with Home Depot.  The elements essential to recovery for tortious interference with a contract are: (1) the existence of a contract between the plaintiff and a third party; (2) the wrongdoer's knowledge thereof; (3) his or her intentional procurement of its breach; (4) the

---

[41]*See Helsop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1315 (D. Kan. 2001).

[42]K.S.A. § 60-513(a)(3).

absence of justification; and (5) resulting damage to the plaintiff.[43]  A similar showing is required to establish a claim for tortious interference with prospective business advantage, where the plaintiff must prove: (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate result of defendant's misconduct.[44]

Plaintiff alleges that he was employed by Home Depot and had expectations of someday becoming a manager, that defendants were aware of his employment, and that he would have continued his employment with Home Depot but for his termination as a result of defendants' gross misconduct.   As defendants note, however, Kansas law does not recognize a cause of action for tortious interference with an at-will employment relationship.[45]  Accordingly, because the Court has determined that plaintiff cannot establish anything more than an at-will employment relationship, he cannot state a plausible cause of action for tortious interference. Moreover, because plaintiff does not allege that the individual defendants acted outside the scope of their employment with respect to his termination, their acts and motives are legally

───────────────

[43]*Brown Mackie Coll. v. Graham*, 768 F. Supp. 1457, 1460 (D. Kan. 1991), *aff'd*, 981 F.2d 1149 (10th Cir. 1992); *Dickens v. Snodgrass, Dunlap & Co.*, 872 P.2d 252, 257 (Kan. 1994).

[44]*Pulsecard, Inc. v. Discover Card Servs., Inc.*, 917 F. Supp. 1488, 1498 (D. Kan. 1996).

[45]*See Jackson v. Kan. Cnty. Ass'n Multiline Pool*, No. 03-4181-JAR, 2006 WL 963838, at *19 (D. Kan. Apr. 10, 2006) (collecting cases).

attributable to Home Depot and, therefore, there is no liability for interference.[46]  Finally,

because Kansas applies a two-year statute of limitations to tortious interference claims,[47]

plaintiff's claim is time-barred.  Count 5 is dismissed.

### 6.    Conspiracy to Commit Fraud

Plaintiff claims that Polzin, Gaskill and Hutzenbuhler created a fictitious reason to harm

plaintiff when they conspired and stated that plaintiff had engaged in a second verbal altercation

with Taber in order to have plaintiff terminated.  To state a claim for civil conspiracy under

Kansas law, plaintiff must allege: (1) two or more persons; (2) an object to be accomplished; (3)

a meeting of the minds in the object or course of action; (4) one or more unlawful acts; and (5)

damages as the proximate result thereof.[48]  Defendants allege that plaintiff does not properly

state a claim for civil conspiracy because there is no underlying unlawful act that would support

a cause of action independent of the conspiracy claim.  Specifically, defendants argue that

plaintiff's claim is derivative of his independent claim for misrepresentation, which the Court

dismissed.  The Court agrees.

In Kansas, the elements for a claim for fraud are: "(1) an untrue statement of material

fact; (2) known to be untrue; (3) made with the intent to deceive, or with reckless disregard for

the truth; and (4) upon which another party justifiably relies to his or her detriment."[49]  Because

---

[46]*See Johnson v. Wefald*, 766 F. Supp. 977, 984 (D. Kan. 1991) (citing *Fletcher v. Wesley Med. Ctr.*, 585 F. Supp. 1260, 1262 (D. Kan. 1984)).

[47]K.S.A. § 60-513(a)(4); *Tomson v. Stephan*, 696 F. Supp. 1407, 1414 (D. Kan. 1988).

[48]*Res. Ctr. for Indep. Living, Inc. v. Ability Res., Inc.*, 534 F. Supp. 2d 1204, 1213 (D. Kan. 2008) (citing *Carson v. Lynch Multimedia Corp.*, 123 F. Supp. 2d 1254, 1261 (D. Kan. 2000) (citation omitted)).

[49]*Evolution, Inc. v. SunTrust Bank*, 324 F. Supp. 2d 964, 971 (D. Kan. 2004) (quoting *Smith v. Stephens*, 940 P.2d 68, 70 (1997) (citations omitted)).

plaintiff does not allege that he relied on a false statement made by a defendant to his detriment, his underlying claim for fraud is not plausible and thus, his conspiracy claim must also fail. Moreover, as noted above, when officers of a corporation are acting in their official capacities rather than their individual capacities, their acts and motives are attributable to the corporation.[50] Finally, plaintiff's fraud claim is time-barred for the same reason his misrepresentation claim is time-barred. Count 6 is dismissed.

### 7. Wrongful Termination

Plaintiff's wrongful termination claim incorporates his prior allegations of slander, third-party interference, misrepresentation, violation of public policy and racial discrimination. Because Count 8 is merely redundant of other legally deficient claims, it fails to state an independent claim for relief and is dismissed.

### 8. Neglect to Prevent

Plaintiff purports to bring his "Neglect to Prevent" claim pursuant to 42 U.S.C. § 1986, which provides that:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.[51]

To bring a section 1986 claim, plaintiff must first show a conspiracy in violation of section

---

[50]*May v. Santa Fe Trail Transp. Co.*, 370 P.3d 390, 395 (Kan. 1962).

[51]42 U.S.C. § 1986.

1985(3),[52] which applies to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."[53] Because plaintiff does not assert a section 1985(3) claim, the Court dismisses plaintiff's section 1986 claim for failure to state a claim upon which relief can be granted. Moreover, even if plaintiff's Complaint can be construed as alleging a section 1985(3) cause of action, section 1986 specifically provides a one-year statute of limitations and plaintiff's claim, arising from his December 2007 termination, is thus untimely. Count 9 is dismissed.

### 9. Failure to Protect

Plaintiff claims that defendant Polzin failed to protect him from the racism that he suffered at Home Depot, and that defendants Gaskill and Hutzenbuhler failed to protect him from Polzin's slanderous and defamatory act to have him terminated. Plaintiff does not cite to any statutory basis for this claim, and it appears that he attempts to allege that defendants were negligent in failing to protect him from the acts leading to his wrongful termination. Under Kansas law, "for negligence to exist, there must be a duty owed by one person to another and a breach of that duty."[54] The injured party must show: (1) a causal connection between the duty breached and the injury received and (2) damage from negligence.[55] Whether a duty exists is a question of law.[56] Plaintiff does not allege that defendants owed him a legal duty to prevent his

---

[52]*Brooks v. Sauceda*, 85 F. Supp. 2d 1115, 1123 (D. Kan. 2000) (citing *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir. 1990)).

[53]*Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quotation omitted).

[54]*Calwell v. Hassan*, 925 P.2d 422, 428 (Kan. 1996).

[55]*Id.*

[56]*Id.*

18

termination. Moreover, even if plaintiff could state a plausible cause of action for negligence, such an action is subject to a two-year statute of limitations and is thus untimely.[57] Count 10 is dismissed.

### 10. Conspiracy Against Rights

Plaintiff alleges a cause of action for "Conspiracy Against Rights" arising under 18 U.S.C. §§ 241 and 242. These statutes are criminal statutes and do not provide for a private cause of action.[58] Accordingly, Count 11 is dismissed.

### 11. Antritrust

Plaintiff contends that his termination violated an unspecified antitrust law. Plaintiff's First Amended Complaint is devoid of any allegations that defendants engaged in any acts in restraint of trade in violation of either State or Federal law.[59] Instead, the First Amended Complaint characterizes his cause of action as "unfair and deceptive business practices" arising out of his termination from employment, not an antitrust injury such as price-fixing or monopolizing. Consequently, plaintiff's antitrust violation claim asserted in Count 12 is dismissed for failure to state a claim.

In sum, the Court grant's defendants' motion to dismiss plaintiff's racial discrimination claim for lack of jurisdiction, and the remainder of his claims for failure to state a claim upon which relief can be granted. Accordingly, the Court does not address defendants' additional

---

[57]K.S.A. § 60-513(a)(4).

[58]*See Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) (holding that civil claims brought pursuant to 18 U.S.C. §§ 241 and 242 are "properly dismissed because a plaintiff cannot recover civil damages for an alleged violation of a criminal statute."); *see generally Clements v. Chapman*, 189 Fed. App'x 688, 692 (10th Cir. 2006) (noting that private citizens cannot compel enforcement of criminal law).

[59]*See* Kansas Antitrust Act, K.S.A. § 50-101, *et seq.*; The Sherman Antitrust Act, 15 U.S.C. § 1, *et seq.*

grounds for dismissal on piercing the corporate veil[60] or insufficient service grounds.

### C.    Motion for Sanctions

A motion for sanctions is subject to the procedural requirements of Fed. R. Civ. P.

11(c)(2).  That Rule explains in pertinent part,

> A motion for sanctions must be made separately from any other
> motion and must describe the specific conduct that allegedly
> violates rule 11(b).  The motion must be served under Rule 5, but it
> must not be filed or presented to the court if the challenged paper,
> claim, defense, contention, or denial is withdrawn or appropriately
> corrected within 21 days after service or within another time the
> court sets.[61]

In this case, on March 21, 2011, plaintiff sent counsel for defendants a document entitled

"Sanctions."[62]  At that time, pending before the Court were defendants' Motion to Dismiss,[63]

Motion to Strike Plaintiff's First Amended Complaint,[64] and Plaintiff's Response to Defendants'

Motion to Dismiss[65] and Amended Complaint,[66] and plaintiff's complaints were directed at

assertions made in the Motion to Dismiss.  After defense counsel received plaintiff's sanctions

document, this Court entered an order denying without prejudice to refile defendants' Motion to

---

[60]The Court notes that plaintiff was employed by Home Depot U.S.A., which is a wholly owned subsidiary of The Home Depot, Inc., and that plaintiff's First Amended Complaint does not assert any claim to pierce the corporate veil or that Home Depot U.S.A. and The Home Depot, Inc. are a single employer.

[61]Fed. R. Civ. P. 11(c)(2).

[62]Doc. 66, Ex. 1.

[63]Docs. 4-6.

[64]Doc. 14.

[65]Doc. 13.

[66]Doc. 12.

Dismiss and denying the Motion to Strike, in light of plaintiff's First Amended Complaint.[67]  On April 20, 2011, defendants filed a Renewed Motion to Dismiss First Amended Complaint, and subsequently, plaintiff did not send any further written notice regarding sanctions.  Instead, plaintiff filed an untimely response to the instant motion, as well as a Motion for Sanctions.  While plaintiff's Motion for Sanctions appears to complain of assertions made in defendants' renewed motion, he never served defendants with the motion twenty-one days prior to filing it as required by Rule 11(c)(2), and it is thus procedurally defective.

Moreover, plaintiff's motion lacks substantive merit.  As previously discussed in the context of defendants' Renewed Motion to Dismiss, defendants' assertions are consistent with the allegations and admissions contained in both plaintiff's original Petition and First Amended Complaint.  Because Rule 12(b)(6) motions are decided on the basis of the allegations in plaintiff's First Amended Complaint, defendants' reliance on those allegations in their motion to dismiss is not sanctionable conduct.  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (b)(5) and (b)(6) (Doc. 42) and Motion to Strike Plaintiff's Response (Doc. 48) are **granted**; Count 7 of plaintiff's First Amended Complaint alleging racial discrimination is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1); the remaining Counts are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6);

**IT IS FURTHER ORDERED** that plaintiff's Motion for Sanctions (Doc. 56) is **denied**;

**IT IS FURTHER ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 51) and Motion to Stay Case (Doc. 53) are **denied as moot**.

[67]Doc. 37.

**IT IS SO ORDERED.**

Dated: <u>June 17, 2011</u>

<u>S/ Julie A. Robinson</u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE