lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WILLIE COOPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. 11-1006-JAR** |
| **THE HOME DEPOT, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Willie Cooper, proceeding *pro se*, brought this action against defendants The

Home Depot, Home Depot U.S.A., Inc., Richard Gaskill, John Hutzenhbuhler, Daniel Moore and

William Polzin, alleging numerous claims stemming from his termination from his former

employer, Home Depot U.S.A., Inc. ("Home Depot").  On June 17, 2011, the Court granted

defendants' motions to dismiss plaintiff's First Amended Complaint on multiple grounds (Doc.

68).  This matter is before the Court on plaintiff's Motion to Set Aside Judgment and to Amend

Complaint (Doc. 72).

Plaintiff asks the Court to "set aside" its Memorandum and Order dated June 17, 2011,

as corrected on June 20, 2011 (Doc. 20).  Plaintiff does not specify any statutory basis for his

request for relief.  As the Tenth Circuit has explained, the Federal Rules of Civil Procedure do

not recognize a motion to reconsider, so such motions are construed as a Rule 59(e) motion to

alter or amend, if the motion is filed within fourteen days of the entry of judgment; but if the

motion is filed more than fourteen days after entry of judgment, it is construed as a Rule 60(b)

motion for relief from judgment.[1]  Plaintiff's motion was filed July 20, 2011.  Because this

motion was filed outside the fourteen day time period from the date of filing prescribed by Rule

59, the Court will construe plaintiff's motion as one for relief from judgment under Rule 60(b).[2]

Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to

grant relief therefrom upon a showing of good cause within the rule."[3]  Under Rule 60(b), the

court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence that, with reasonable diligence, could not have
> been discovered; . . . (3) fraud . . . misrepresentation, or misconduct
> by an opposing party; (4) the judgment is void; (5) the judgment has
> been satisfied . . . [or] it is based on an earlier judgment that has been
> reversed or vacated; or applying it prospectively is no longer
> equitable; or (6) any other reason that justifies relief.[4]

Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by

the court when the re-argument merely advances new arguments or supporting facts which were

available for presentation at the time of the original argument" because a Rule 60(b) motion is

not a substitute for appeal.[5]

Even after affording plaintiff's motion all permissible leniency, he fails to proffer any

grounds or argument justifying relief from the order of dismissal.  At best, plaintiff's motion

merely rehashes arguments previously considered and rejected by the Court.  As such, the Court

---

[1]*Hawkins v. Evans,* 64 F.3d 543, 546 (10th Cir. 1995); D. Kan. Rule 7.3(a) (allowing party to seek reconsideration of a dispositive order under Rules 59(e) or 60).

[2]*Id.*

[3]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[4]Fed. R. Civ. P. 60(b).

[5]*Hilliard v. Dist. Ct. of Comanche Cnty.*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).

declines to revisit settled issues.  Plaintiff has not presented any instance of mistake, fraud or extraordinary circumstances warranting reconsideration or relief from the Court's prior ruling. Accordingly, plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Set Aside Judgment and to Amend Complaint (Doc. 72) is DENIED.

**IT IS SO ORDERED.**

Dated: July 25, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE