lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WILLIE COOPER,**   )<br>                                       )<br>           **Plaintiff,**   )<br>                                       )<br>**vs.**                              )<br>                                       )   **Case No. 11-1006**<br>**THE HOME DEPOT, et. al.,**   )<br>                                       )<br>           **Defendants.**   )<br>_____)   | |

## MEMORANDUM AND ORDER

Plaintiff Willie Cooper, proceeding *pro se*, brought this action against defendants The Home Depot, Home Depot U.S.A., Inc., Richard Gaskill, John Hutzenhbuhler, Daniel Moore and William Polzin, alleging numerous claims stemming from his termination from his former employer, Home Depot U.S.A., Inc. ("Home Depot").  On June 17, 2011, the Court granted defendants' motions to dismiss plaintiff's First Amended Complaint on multiple grounds (Doc. 68).  On July 25, 2011, the Court denied plaintiff's Motion to Set Aside Judgment and to Amend Complaint (Doc. 73), after construing the motion as one for relief from judgment under Fed. R. Civ. P. 60(b), as it was filed outside the fourteen day period from the date of filing prescribed by Rule 59.

This matter is before the Court on plaintiff's Motion for Reconsideration (Doc. 74) of its previous orders, citing Rules 59(e) and 60(a) and (b).  In effect, plaintiff is requesting reconsideration of the Court's order denying his motion for reconsideration.  Nevertheless, because plaintiff filed the instant motion to reconsider within fourteen days of the denial of his previous motion to set aside, out of an abundance of caution the Court will construe his motion

as a Rule 59(e) motion to alter or amend.[1]

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[3]  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4]  The law in this circuit is clear that a Rule 59(e) motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment."[5]

Even after affording plaintiff's motion all permissible leniency, he fails to proffer any grounds or argument justifying relief from either the order of dismissal or the order denying his request to set aside that judgment.  At best, plaintiff's motion merely rehashes arguments previously considered and rejected by the Court.  As such, the Court declines to revisit settled issues.  Plaintiff has not presented any instance of an intervening change in the law, new

---

[1] *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995); D. Kan. Rule 7.3(a) (allowing party to seek reconsideration of a dispositive order under Rules 59(e) or 60).

[2] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995); *Aerotech Res. Inc. v. Dodson Aviation, Inc.*, 191 F. Supp. 2d 1209, 1213 (D. Kan. 2002).

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[5] *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).

evidence or manifest injustice warranting reconsideration or relief from the Court's prior rulings.

Accordingly, plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Reconsideration (Doc. 74) is DENIED.

**IT IS SO ORDERED.**

Dated: <u>August 18, 2011</u>

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE